SHELDON & SHELDON v. BIGELOW & BIGELOW, and S. G. and MARGARET HAMILTON, Appellants.

**Attachment:** APPEAL: PRESERVATION OF LIEN. Where the officer retains possession of attached property until an appeal from a judgment dissolving the attachment is perfected, failure to announce intention to appeal and to have the same made a matter of record pursuant to Code, section 3931, is immaterial, the purpose of the announcement being to preserve the lien of the attachment until an appeal is perfected.

**Redelivery bond:** LIABILITY OF SURETIES. Where an appeal from a judgment dissolving an attachment has been perfected, and a redelivery bond executed, failure of plaintiff to announce his intention to appeal will not affect the liability of the sureties on the bond.

*Appeal from Story District Court.*— HON. J. R. WHITAKER, Judge.

WEDNESDAY, JULY 13, 1904.

ACTION against R. E. Bigelow, as principal, and S. G. Hamilton and Margaret Hamilton, as sureties, on a bond given to secure the discharge of an attachment, under the provisions of Code, section 3907. Judgment for plaintiffs, from which the sureties appeal.— *Affirmed.*

*J. K. Macomber,* for appellants.

*McCarthy & Lee,* for appellees.

McCLAIN, J.—In the attachment proceeding judgment was rendered for the defendants Bigelow & Bigelow, which entitled defendants to have the attachment discharged, and the attached property returned to them (Code, section 3930), unless plaintiffs should proceed by proper steps to preserve the attachment pending an appeal. Such an appeal was actually taken, and the judgment for defendants was reversed. The provisions of the Code as to the steps to be taken by plaintiff in such case to preserve his appeal are as follows: "When an attachment has been discharged, if the plaintiff then announces his purpose to appeal from such order of discharge he shall have two days in which to perfect his appeal, and during that time such discharge shall not operate to divest any lien or claim under the attachment, nor shall the property be returned and the appeal, if so perfected, shall operate as a supersedeas thereof." Code, section 3931. The contention of appellants is that the judgment for defendants *ipso facto* discharged the attachment, and that plaintiffs could prevent the lien or claim under the attachment from being divested only by announcing their purpose to appeal and having such announcement entered of record, and also by perfecting the appeal within two days. For the appellees, on the other hand, it is contended that it is only after an order for the discharge of the attachment has been made that the plaintiff is required to announce his intention to appeal and perfect the appeal within two days, and that in this case there was no order of discharge of the attachment; so that the time and method of perfecting the appeal were immaterial. It is also contended for appellees that the announcement of the intention to appeal was in fact given, and that there is no requirement that it be entered of record, and also that the perfecting of the appeal on the very day on which judgment was rendered for defendants was sufficient without any such announcement. The question as to the necessity for and method of making an announcement of the intention to ap-

*Marginal note: 1. ATTACHMENT: appeal; preservation of lien.*

peal in such cases has not been definitely determined by this court. But we think it safe to say that the object of such announcement is to prevent the release of the attached property until an appeal can be perfected, and that if, as a matter of fact, the officer retains possession of the attached property under the attachment until the appeal is perfected, the failure to announce the intention to appeal and to make such announcement a matter of record will be immaterial. As a matter of fact, it appears in this case that the sheriff retained the attached property for a considerable time after the appeal was perfected, whereupon the bond in question was executed by R. E. Bigelow, one of the members of the defendant firm, as principal, and the Hamiltons as sureties, and on the execution of such bond the property was released, and returned to the defendants.

Certainly, under these circumstances, the failure to announce the intention to appeal, and to have the fact of such announcement made a matter of record, could not defeat the liability of the sureties on the bond. It appears that the bond served the very purpose which it was intended to serve — that is, to secure the release of the attached property; and it is not open to the defendants now to say that they did not become bound by such bond for the reason that no bond was necessary, and the defendants could have secured the release of the property without executing any such bond. It is unnecessary to discuss the various cases cited, for the reason that, while the language used in deciding some of them may seem to be pertinent to questions discussed in the case before us, the very question which we are now considering was not presented nor considered in any of them.

2. REDELIVERY BOND: liability of sureties.

The judgment against the sureties on the bond is therefore AFFIRMED.